[Cite as *State v. Cooks*, 2019-Ohio-2254.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
SANDUSKY COUNTY

State of Ohio                                    Court of Appeals No. S-18-046

     Appellee                            Trial Court No. 18CR792

v.

Nathan T. Cooks                            **DECISION AND JUDGMENT**

     Appellant                            Decided:  June 7, 2019

* * * * *

Timothy Braun, Sandusky County Prosecuting Attorney, and
Joseph H. Gerber, Assistant Prosecuting Attorney, for appellee.

Brett A. Klimkowsky, for appellant.

* * * * *

**MAYLE, P.J.**

{¶ 1} Appellant Nathan T. Cooks appeals the November 6, 2018 judgment of the Sandusky County Court of Common Pleas sentencing him to 18 months in prison following his conviction for trafficking in cocaine, in violation of R.C. 2925.03(A)(2) and (C)(4)(b).  Because Cooks's sentence is not contrary to law, we affirm.

**Facts and Procedural History**

{¶ 2} The Sandusky County Drug Task Force, acting on a tip, conducted a search of Cooks's Fremont, Ohio home on March 8, 2018, pursuant to a search warrant. Cooks was found in a bathroom, attempting to flush drugs down a toilet. A law enforcement officer was able to retrieve the drugs before they were flushed, and they were later identified as .95 grams of cocaine. A bag of marijuana was found next to the toilet, and a second bag was located in a kitchen drawer. The police confiscated the drugs, as well as video recording equipment, six cell phones, $187 in cash, and two guns that were alleged to have been used in the commission of the offense(s). According to the record, Cooks's two young children were seen "wandering" in the home at the time of the search.

{¶ 3} No charges were brought against Cooks until July 30, 2018, when he was indicted for tampering with evidence, in violation of R.C. 2921.12(A)(1), a felony of the third degree (Count 1); possession of cocaine, in violation of R.C. 2925.11(A) and (C)(4)(a), a felony of the fifth degree (Count 2); and trafficking in cocaine, in violation of R.C. 2925.03(A)(2) and (C)(4)(b), a felony of the fourth degree (Count 3). The indictment included specifications for committing the crimes within the vicinity of children and a nearby school. At his August 1, 2017 arraignment, Cooks pled not guilty, was appointed counsel, and was released on his own recognizance.

{¶ 4} At the change-of-plea hearing on September 5, 2018, the parties agreed that Cooks would plead guilty to the drug trafficking offense (Count 3), and the state would nolle prosequi Counts 1 and 2. Before accepting the plea, the court advised Cooks of his

2.

rights, as set forth in Crim.R. 11. Of particular relevance to this case, the court advised Cooks that he faced up to 18 months in prison, a $5,000 fine, forfeiture of the property confiscated from his home, a five-year driver's license suspension, and postrelease control. The trial court accepted Cooks's plea, found him guilty, and referred the matter for a presentence investigation ("PSI").

{¶ 5} By decision dated November 6, 2018, following a hearing, the trial court sentenced Cooks to 18 months in prison, the costs of prosecution and confinement, three years of discretionary postrelease control, forfeiture of the items previously described, and a 24-month driver's license suspension. Cooks was assigned appellate counsel and raises a single assignment of error for our review.

**STATEMENT OF ASSIGNMENT OF ERROR 1:** The Trial Court's sentence of Nathan T. Cooks ("Appellant") is excessive and violates the law insofar as the Trial Court penalized Appellant in part due to being indigent.

{¶ 6} We review sentencing challenges under R.C. 2953.08(G)(2). The statute allows an appellate court to increase, reduce, or otherwise modify a sentence or vacate the sentence and remand the matter for resentencing only if it clearly and convincingly finds either of the following:

(a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of

3.

section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

(b) That the sentence is otherwise contrary to law. R.C. 2953.08(G)(2).

**{¶ 7}** A sentence is not clearly and convincingly contrary to law where the trial court considered the principles and purposes of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12, properly applied postrelease control, and imposed a sentence within the statutory range. *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425, ¶ 16, citing *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 18.

**{¶ 8}** If the appellate court finds that a sentence is not clearly and convincingly contrary to law, it may vacate or modify the sentence "only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 23.

**{¶ 9}** Here, Cooks does *not* challenge the trial court's compliance with the sentencing statutes identified in R.C. 2953.08(G)(2)(a). Likewise, Cooks does *not* claim that the trial court failed to consider R.C. 2929.12, improperly applied postrelease control, or sentenced him beyond the statutory range for a fourth-degree felony conviction. *See* R.C. 2929.14(A)(4) ("For a felony of the fourth degree, the prison term shall be a definite term of six, seven, eight, nine, ten, eleven, twelve, thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months.").

4.

**{¶ 10}** Instead, Cooks argues that his sentence is contrary to law because (1) it is "unduly harsh" and therefore unlawful under R.C. 2929.11, and (2) it was purportedly based upon his "indigency status" and/or his "class." We will consider both arguments in turn.

**{¶ 11}** First, Cooks maintains that his sentence fails to comport with the purposes and principles of sentencing under R.C. 2929.11 because the trial court should have "considered alternatives to incarceration." Cooks argues that he was amenable to house arrest or substance abuse treatment because he is "otherwise law-abiding"—as demonstrated by the fact that he voluntarily turned himself in—and because he was employed and taking care of his children.

**{¶ 12}** R.C. 2929.11 provides, in part,

(A) A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to *protect the public* from future crime by the offender and others, to *punish the offender*, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the

5.

offender, and making restitution to the victim of the offense, the public, or both. (Emphasis added.)

{¶ 13} At sentencing, the trial court acknowledged that its "job" is "to *protect the public* from future crime and attempt *[to] impose an appropriate punishment* for your conduct." (Emphasis added.) Moreover, the court determined that prison was warranted under R.C. 2929.13(B)(1)(b)(x). (Trial court "has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence * * * if any of the following apply: * * * [t]he offender * * * previously had served [] a prison term."). As the court noted at sentencing, Cooks served a year in prison for violating the terms of his probation that had been imposed following a 2011 conviction for possession of crack cocaine. As further noted by the court, Cooks's extensive criminal history includes "about 28 [criminal] entries" and three other probation violations. The court lamented that, "we've got a drug crisis going on" and, "[i]t's not as though you don't know better." It concluded that Cooks "took the risk [and] got caught" and that while it doesn't "enjoy sending people to prison, * * * sometimes - - if people violate the law with impunity, at some point we say enough is [enough], and that's where we are."

{¶ 14} We find that the trial court properly considered the purposes and principles of sentencing under R.C. 2929.11 before it sentenced Cooks to 18 months in prison, and Cooks has failed to set forth clear and convincing evidence to establish otherwise. The mere fact that the trial court did not agree with Cooks's recommended sentence does not

6.

render his sentence contrary to law. *Accord, State v. Filious*, 8th Dist. Cuyahoga No. 104287, 2016-Ohio-8312, ¶ 10 (Rejecting argument that the court failed to consider R.C. 2929.11 and 2929.12 "simply because it did not agree with the victim's [and defendant's] recommended sentence."). We, therefore, may not vacate or modify the sentence. *Marcum* at ¶ 23.

{¶ 15} Cooks also argues that his sentence was improperly based upon his "indigency status" and/or his "class." Cooks claims that he is "obviously indigent – as evidenced by [his] needing appointed attorneys" and that he was punished for his inability to pay criminal fines imposed in previous cases. Cooks's allegation is based solely upon the trial court's observation that he owed "substantial fines and costs" to the Fremont Municipal Court and "about 1,200 bucks" to the Sandusky County Court of Common Pleas. Cooks argues that he could only be incarcerated for failing to pay those fines if his decision not to pay was "willful." In support, Cooks relies upon *Bearden v. Georgia,* 461 U.S. 660, 672, 103 S.Ct. 2064, 76 L.Ed.2d 221 (1983) where the court held, "that in revocation [of probation] proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay."

{¶ 16} The record, however, does not support Cooks's position that he was sentenced to prison due to unpaid court fees. The record clearly indicates that the trial court sentenced Cooks to prison because he trafficked in cocaine. A few passing comments from the trial court regarding unpaid court fines—which were made while discussing Cooks's lengthy criminal record that includes many drug-related

7.

convictions—are insufficient to prove otherwise. We therefore find that his sentence is therefore not contrary to law. *Accord, State v. Shankland*, 4th Dist. Washington Nos. 18CA11, 18CA12, 2019-Ohio-404, ¶ 25 (Rejecting claim that trial court punished defendant for his "illness of being a drug addict" and finding instead that it punished him for committing the criminal act of trafficking in heroin.).

## Conclusion

{¶ 17} We find that the trial court's decision to impose the maximum prison term was appropriate to protect the public and to punish Cooks for his offense. Cooks has a lengthy criminal history and continues to pose a serious danger to the public. We find that the trial court complied with all applicable sentencing requirements when it sentenced him to prison and that Cooks's sentence is not clearly and convincingly contrary to law under R.C. 2953.08(G)(2). Accordingly, his assignment of error is not well-taken.

{¶ 18} Based on the foregoing, the November 6, 2018 judgment of the Sandusky County Court of Common Pleas is affirmed. Cooks is ordered to pay the costs of this appeal pursuant to App.R. 24.

Judgment affirmed.

8.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Thomas J. Osowik, J.                                     _____
                                                                           JUDGE

Christine E. Mayle, P.J.

Gene A. Zmuda, J.                                  _____
CONCUR.                                                                            JUDGE

_____
                                                                           JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions.  Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.